Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1699
kwieneke@swlfirm.com
cretts@swlfirm.com

Attorneys for Defendants City of Phoenix,
Phoenix Police Chief Daniel Garcia, Sergeant
Mike Wesley, Officer Justin Schmidt, Officer
Robert Mathews, Officer Kevin Linn,
Sergeant Christopher Leubkin, Officer
Jeremy Hessner, and Lieutenant Stan Hoover

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Erickson, individually and as personal representative of the Estate of Miguel Ruiz, Canon Ruiz, minor A.R.,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>City of Phoenix, a public entity; Phoenix Police Chief Daniel Garcia, individually and in his official capacity as Chief of the City of Phoenix Police Department; Sergeant Mike Wesley, individually and in his official capacity as a police officer for the City of Phoenix Police Department; Officer Justin Schmidt, individually and in his official capacity as a police officer for the City of Phoenix Police Department; Officer Robert Mathews, individually and in his official capacity as a police officer for the City of Phoenix Police Department; Officer Abraham Camarillo, individually and in his official capacity as a police officer for the City of Phoenix Police Department; Officer Kevin Linn, individually and in his official capacity as a police officer for the City of Phoenix Police Department; Sergeant Christopher Leubkin, individually and in his official capacity as a police officer for the City of Phoenix Police Department; Lieutenant Stan Hoover, individually and in | NO. 2:14-cv-01942-JAT<br><br>**DEFENDANTS CITY OF PHOENIX, PHOENIX POLICE CHIEF DANIEL GARCIA, SERGEANT MIKE WESLEY, OFFICER JUSTIN SCHMIDT, OFFICER ROBERT MATHEWS, OFFICER KEVIN LINN, SERGEANT CHRISTOPHER LEUBKIN, OFFICER JEREMY HESSNER, AND LIEUTENANT STAN HOOVER'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**(JURY DEMAND)** |

his official capacity as a police officer for the
City of Phoenix Police Department,

Defendants.

Defendants City of Phoenix, Phoenix Police Chief Daniel Garcia, Sergeant Mike Wesley, Officer Justin Schmidt, Officer Robert Mathews, Officer Kevin Linn, Sergeant Christopher Leubkin, [?] and Lieutenant Stan Hoover ("Defendants"), for their Answer to Plaintiffs' Amended Complaint, deny each and every, all and singular, of the allegations contained in Plaintiffs' Amended Complaint and each claim for relief which is not expressly admitted or otherwise pled to.  Defendants admit, deny, and allege as follows:

**INTRODUCTION**

1.      In answering the Introduction paragraph of Plaintiffs' Amended Complaint, Defendants deny the allegations.

**COMPLAINT**

**JURISDICTION & VENUE**

2.      In answering Paragraph 1 of Plaintiffs' Amended Complaint, Defendants admit only that jurisdiction is appropriate in the United States District Court, District of Arizona.  In admitting jurisdiction, Defendants make no admissions as to the sufficiency of the allegations.

3.      In answering Paragraph 2 of Plaintiffs' Amended Complaint, Defendants admit only that a Notice of Claim was served.  Defendants deny the sufficiency of the Notice of Claim.

4.      In answering Paragraph 3 of Plaintiffs' Amended Complaint, Defendants admit as to jurisdiction only.  In so admitting, Defendants make no admissions as to the sufficiency of the allegations.

5.      In answering Paragraph 4 of Plaintiffs' Amended Complaint, Defendants admit only as to venue.  In so admitting, Defendants make no admissions as to the sufficiency of the allegations.

**PARTIES**

6.     The allegations set forth in Paragraph 5 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

7.     In answering Paragraph 6 of Plaintiffs' Amended Complaint, Defendants admit same.

8.     In answering Paragraph 7 of Plaintiffs' Amended Complaint, Defendants admit that Ms. Erickson is a statutory beneficiary, but deny any wrongful conduct.

9.     In answering Paragraphs 8 and 9 of Plaintiffs' Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted therein and therefore deny the same.

10.     In answering Paragraph 10 of Plaintiffs' Amended Complaint, Defendants admit same.

11.     In answering Paragraph 11 of Plaintiffs' Amended Complaint, Defendants admit only that Defendant City of Phoenix is a public, municipal entity.  The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required.  Defendants deny any wrongful conduct.

12.     In answering Paragraph 12 of Plaintiffs' Amended Complaint, Defendants admit only that Chief Garcia was an employee of the City of Phoenix Police Department. The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required.  Defendants deny any wrongful conduct.

13.     In answering Paragraph 13 of Plaintiffs' Amended Complaint, Defendants admit only that Sergeant Mike Wesley was an employee of the City of Phoenix Police Department.   The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required.  Defendants deny any wrongful conduct.

14.     In answering Paragraph 14 of Plaintiffs' Amended Complaint, Defendants admit only that Officer Justin Schmidt was an employee of the City of Phoenix Police Department.   The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required.  Defendants deny any wrongful conduct.

15. In answering Paragraph 15 of Plaintiffs' Amended Complaint, Defendants admit only that Officer Robert Mathews was an employee of the City of Phoenix Police Department. The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required. Defendants deny any wrongful conduct.

16. In answering Paragraph 16 of Plaintiffs' Amended Complaint, Defendants admit only that Officer Abraham Camarillo was an employee of the City of Phoenix Police Department. The remaining allegations contained in this paragraph are not directed to these Defendants, and no response is required. Defendants deny any wrongful conduct.

17. In answering Paragraph 17 of Plaintiffs' Amended Complaint, Defendants admit only that Officer Kevin Linn was an employee of the City of Phoenix Police Department. The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required. Defendants deny any wrongful conduct.

18. In answering Paragraph 18 of Plaintiffs' Amended Complaint, Defendants admit only that Sergeant Christopher Leubkin was an employee of the City of Phoenix Police Department. The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required. Defendants deny any wrongful conduct.

19. In answering Paragraph 19 of Plaintiffs' Amended Complaint, Defendants admit only that Lieutenant Stan Hoover was an employee of the City of Phoenix Police Department. The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required. Defendants deny any wrongful conduct.

20. The allegations set forth in Paragraphs 20 and 21 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

## **GENERAL ALLEGATIONS**

21. The allegations set forth in Paragraph 22 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

22. In answering Paragraph 23 of Plaintiffs' Amended Complaint:

    a. as to sentence 1 of Paragraph 23, Defendants admit only that Officer Camarillo was an employee of the City of Phoenix. The remaining

4

allegations contained in this sentence call for a legal conclusion and thus no response is required;

    b.    as to sentence 2 of Paragraph 23, Defendants deny the sentence as written;

    c.    as to sentence 3 of Paragraph 23, Defendants deny same;

    d.    as to sentence 4 of Paragraph 23, Defendants admit same;

    e.    as to sentence 5 of Paragraph 23, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same; and

    f.    Defendants deny the remaining allegations contained in this paragraph.

23.    In answering Paragraphs 24 and 25 of Plaintiffs' Amended Complaint, Defendants admit only that the Defendants were employees. The remaining allegations contained in this paragraph call for a legal conclusion and thus no response is required. Defendants deny the remaining allegations of this paragraph.

24.    In answering Paragraph 26 of Plaintiffs' Amended Complaint, Defendants admit only that on July 28, 2013, Sgt. Wesley and Officers Schmidt, Mathews, Linn, and Hessner entered into a Phoenix Fire Department cherry picker. Defendants deny the remaining allegations of this paragraph.

25.    In answering Paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 of Plaintiffs' Amended Complaint, Defendants deny same.

26.    The allegations set forth in Paragraphs 40 and 41 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

**FACTUAL BASIS OF CLAIM FOR RELIEF APPLICABLE TO ALL CLAIMS**
**Introduction**

27.    The allegations set forth in Paragraph 42 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

28.    In answering Paragraph 43 of Plaintiffs' Amended Complaint, Defendants

deny sentences 1 and 2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in sentences three and four and therefore deny the same.

29. In answering Paragraph 44 of Plaintiffs' Amended Complaint, Defendants deny sentence 1. Defendants admit sentence 2.

30. In answering Paragraph 45 of Plaintiffs' Amended Complaint, Defendants admit only that a pipe subsequently broke and water began flowing into Mr. Cunningham's apartment below. Defendants deny the remainder of the allegations contained in this paragraph.

31. In answering Paragraph 46 of Plaintiffs' Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted therein and therefore deny the same.

32. In answering Paragraph 47 of Plaintiffs' Amended Complaint, Defendants admit same.

33. In answering Paragraph 48 of Plaintiffs' Amended Complaint, Defendants deny same.

34. In answering Paragraphs 49 and 50 of Plaintiffs' Amended Complaint, Defendants admit same.

35. In answering Paragraphs 51 and 52 of Plaintiffs' Amended Complaint, Defendants deny same.

36. In answering Paragraph 53 of Plaintiffs' Amended Complaint, Defendants admit only that Sgt. Wesley authorized Officer Schmidt to deploy his TASER from his location in the bucket. Defendants deny the remainder of the allegations contained in this paragraph as written.

37. In answering Paragraphs 54 and 55 of Plaintiffs' Amended Complaint, Defendants deny same.

38. In answering Paragraph 56 of Plaintiffs' Amended Complaint, Defendants admit only that Michael jumped to the second floor landing. Defendants deny the

1    remainder of the allegations contained in this paragraph.

2        39.    In answering Paragraphs 57, 58, 59, 60, and 61 of Plaintiffs' Amended
3    Complaint, Defendants deny same.

4        40.    In answering Paragraph 62 of Plaintiffs' Amended Complaint, Defendants
5    admit only that Sgt. Wesley applied a single knee strike. Defendants deny the remainder
6    of the allegations contained in this paragraph.

7        41.    In answering Paragraphs 63, 64, 65, 66, 67, and 68 of Plaintiffs' Amended
8    Complaint, Defendants deny same.

9        42.    In answering Paragraph 69 of Plaintiffs' Amended Complaint, Defendants
10   are without knowledge or information sufficient to form a belief as to the truth of the
11   allegations asserted therein and therefore deny the same.

12       43.    In answering Paragraph 70 of Plaintiffs' Amended Complaint, Defendants
13   deny same.

14       44.    In answering Paragraph 71 of Plaintiffs' Amended Complaint, Defendants
15   admit only that an EMT noticed that Michael had coded. Defendants deny the remainder
16   of the allegations contained in this paragraph as written.

17       45.    In answering Paragraph 72 of Plaintiffs' Amended Complaint, Defendants
18   are without knowledge or information sufficient to form a belief as to the truth of the
19   allegations asserted therein and therefore deny the same.

20       46.    In answering Paragraph 73 of Plaintiffs' Amended Complaint, Defendants
21   admit only that Michael was transported to St. Joseph's Hospital and Medical Center.
22   Defendants are without knowledge or information sufficient to form a belief as to the truth
23   of the allegations asserted therein and therefore deny the same.

24       47.    In answering Paragraphs 74, 75, 76, 77, 78, 79, 80, and 81 of Plaintiffs'
25   Amended Complaint, Defendants are without knowledge or information sufficient to form
26   a belief as to the truth of the allegations asserted therein and therefore deny the same.

27                                    **DAMAGES**

28       48.    In answering Paragraph 82 of Plaintiffs' Amended Complaint, Defendants

                                          7

deny same.

49.     In answering Paragraph 83 of Plaintiffs' Amended Complaint, Defendants admit only that Yolanda Erickson is a statutory beneficiary.  Defendants deny the remainder of the allegations contained in this paragraph.

50.     In answering Paragraph 84 of Plaintiffs' Amended Complaint, Defendants admit only that Canon Ruiz is a statutory beneficiary.  Defendants deny the remainder of the allegations contained in this paragraph.

51.     In answering Paragraph 85 of Plaintiffs' Amended Complaint, Defendants admit only that if A.R. is the decedent's biological child then she is a statutory beneficiary.  Defendants deny the remainder of the allegations contained in this paragraph.

52.     In answering Paragraphs 86, 87, 88, 89, 90, and 91 of Plaintiffs' Amended Complaint, Defendants deny same.

**FIRST CLAIM FOR RELIEF**
**Negligence – The City, Camillo, and Defendants Were Negligent and Cause the Wrongful Death of Michael**

53.     The allegations contained in Paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, and 109 of Plaintiffs' Amended Complaint are subject to a Motion to Dismiss and thus no answer is required.

**SECOND CLAIM FOR RELIEF**
**Officer Camarillo and the Defendants Violated Michael's Rights Under the Fourth Amendment and 42 U.S.C. § 1983 to be Free From Unlawful Seizures**

54.     The allegations set forth in Paragraph 110 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

55.     In answering Paragraphs 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, and 121 of Plaintiffs' Amended Complaint, Defendants deny same.

**THIRD CLAIM FOR RELIEF**
**Gross Negligence – City, Camarillo and Defendant Officers Were Grossly Negligent and Cause the Wrongful Death of Michael**
**(A.R.S. §§ 12-611 -613)**
**(Plaintiff Yolanda Erickson, against all Defendants)**

56.     The allegations set forth in Paragraph 122 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

8

57. In answering Paragraphs 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, and 136 of Plaintiffs' Amended Complaint, Defendants deny same.

58. In answering Paragraph 136 of Plaintiffs' Amended Complaint, the allegations contained in this paragraph call for a legal conclusion and thus no response is required.

59. In answering Paragraphs 137, 138, 139, 140, 141, 142, 143, 144, 145 of Plaintiffs' Amended Complaint, Defendants deny same.

60. The allegations set forth in Paragraph 146 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

## FOURTH CLAIM FOR RELIEF
**Officer Camarillo Violated Plaintiff Yolanda's Rights Pursuant to the Fourteenth Amendment of the United States Constitution 42 U.S.C. § 1983 to be Free From Interference With Their Rights to Family Society and Companionship of Michael**

61. The allegations set forth in Paragraphs 147, 148, 149, and 150 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

## FIFTH CLAIM FOR RELIEF
**Officer Camarillo and the Other Defendants Violated Michael's Rights Under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 to be Free From Unreasonable Use of Force**

62. In answering Paragraphs 151 and 152 of Plaintiffs' Amended Complaint, Defendants deny same.

63. In answering Paragraph 153 of Plaintiffs' Amended Complaint, Defendants admit only that Officers Wesley, Hessner and Schmidt ascended in the fire department's bucket to get Michael down. Defendants deny the remainder of the allegations contained in this paragraph.

64. In answering Paragraphs 154, 155, 156, 157, 158, and 159 of Plaintiffs' Amended Complaint, Defendants deny same.

65. In answering Paragraph 160 of Plaintiffs' Amended Complaint, Defendants admit same.

66. In answering Paragraphs 161, 162, 163, 164, 165, 166, 167, 168 of Plaintiffs' Amended Complaint, Defendants deny same.

9

67. In answering Paragraph 169 of Plaintiffs' Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted therein and therefore deny the same.

68. In answering Paragraphs 170, 171, 172, 173, 174, and 175 of Plaintiffs' Amended Complaint, Defendants deny same.

## SIXTH CAUSE OF ACTION
### *MONELL*
**(The City of Phoenix Violated 42 U.S.C. § 1983 for Its Unconstitutional Policies, Customs, and Failure to Properly Train, Retrain, and Supervise its Officers)**

69. The allegations set forth in Paragraph 176 of Plaintiffs' Amended Complaint are not directed to these Defendants, and no response is required.

70. The allegations contained in Paragraphs 177, 178, and 179 of Plaintiffs' Amended Complaint call for a legal conclusion and thus no response is required. Defendants deny the remaining allegations contained in those paragraphs.

71. In answering Paragraph 180, Defendants deny the same.

72. The allegations contained in Paragraphs 181 and 182 of Plaintiffs' Amended Complaint call for a legal conclusion and thus no response is required. To the extent a response is required, Defendants deny the same.

73. The allegations in Paragraph 183 are duplicative of Paragraph 180. Defendants deny the allegations in Paragraph 183.

74. In answering Paragraphs 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210 and 211 of Plaintiffs' Amended Complaint, Defendants deny same.

## JURY DEMAND

75. In answering Plaintiffs' Jury Demand of Plaintiffs' Amended Complaint, Defendants admit same. Defendants also demand a jury trial.

## PRAYER FOR RELIEF

76. In answering Plaintiffs' Prayer for Relief, Defendants deny the same. Defendants affirmatively allege that the Defendant officers are entitled to attorneys' fees

under A.R.S. § 13-420 as their actions were justified.  Defendants also intend to seek, as applicable, fees under 28 U.S.C. § 1927, A.R.S. § 12-349, and 28 U.S.C. § 1988.

## AFFIRMATIVE DEFENSES

Defendants set the following defenses to Plaintiffs' Amended Complaint.  Some of the defenses outlined below are true affirmative defenses (on which Defendants would bear the burden of proof), other defenses are outlined for the purpose of placing the Plaintiffs on notice of the legal defenses that Defendants will assert for the purpose of allowing Plaintiffs to fully evaluate their claims as this relates to any future request, by Defendants, for attorneys' fees for any claim that is subject to dismissal by the Court:

1.      Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiffs have failed to state a claim for violation of the decedent's Eighth Amendment rights because, at the time of the incidents forming the basis of this lawsuit, the decedent was not a convicted prisoner.

3.      Plaintiffs' punitive damages claim against the individual Defendants, in their official capacity, are barred by *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope valley Hospital District*, 940 F.2d 397 (9th Cir. 1991).

4.      Plaintiffs failed to comply with A.R.S. § 12-821.01, the Notice of Claim statute, specifically as it relates to the facts supporting the damages claims.

5.      Plaintiffs' official capacity claim against Chief Garcia under 42 U.S.C. § 1983 is duplicative of their *Monell* claim against the City.

6.      Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

7.      Defendants are entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and

11

immunities provided in A.R.S. § 12-820, *et seq*.

8.     At all times set forth in the Complaint, the individual Defendants were acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion.

9.     At all times set forth in the Complaint, the individual Defendants' actions were objectively reasonable under the circumstances then existing.

10.     Defendants allege that Plaintiffs' injures may have been caused or contributed to by the actions of non-parties at fault pursuant to A.R.S. § 12-2506, including, but not limited to, any individual who supplied Michael Ruiz with illegal drugs, including the Methamphetamine that he was under the influence of at the time of the event in question.

11.     Michael Ruiz was solely or comparatively at fault for the injuries and damages alleged in the Amended Complaint, thereby reducing or barring any recovery herein by way of comparative negligence. This fault includes, but is not limited to: the use of illegal drugs; the commission of criminal misdemeanor and felony activity before and during the event in question; including, but not limited to: criminal trespassing, criminal damage, arson, aggravated assault, and resisting arrest.

12.     Plaintiffs were comparatively negligent.

13.     Plaintiffs may have failed to mitigate their damages, thus bring or reducing the recovery against Defendants.

14.     Plaintiffs are barred from seeking pre-death pain and suffering related to any injury that did not cause death, specifically for any excessive force claim, based upon the application of Arizona's survival statute.

15.     Michael Ruiz assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being. Ruiz's conduct may also be an intervening/superseding cause barring liability.

16.     Defendants allege the immunities set forth in A.R.S. §§ 12-711, 12-712, and

12-716, including all applicable attorneys' fees available under these sections.

17.     Defendants' use of force was justified and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 *et seq.*, including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris,* 550 U.S. 372 (2007).

18.     Plaintiffs may not assert a negligence claim against the individual officers under *Landeros v. City of Tucson*.

19.     Defendants state that none of the acts or failures to act of Defendants, as alleged in Plaintiffs' Amended Complaint and which are specifically denied, state a cause of action for punitive damages.

20.     The City of Phoenix is not subject to liability under 42 U.S.C.§ 1983 as Plaintiffs' Amended Complaint fails to comply with the provisions of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

21.     The City of Phoenix alleges that it did not have a policy, practice or custom, or training requiring its employees, including police officers to violate the civil rights of persons of citizens, nor did Defendant City of Phoenix have a policy, practice or custom, or training that endorsing any such conduct by its employees.

22.     Plaintiffs have failed to state a claim for supervisory liability (constitutional) as against Lt. Hoover, Sgt. Wesley, and Sgt. Leubkin.

23.     Sgt. Wesley and Sgt. Leubkin are not policy makers for the City of Phoenix.

24.     Defendants put Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery.  These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b), of the Federal Rules of Civil Procedure, or as otherwise allowed by law.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants request that Plaintiffs take nothing and that Defendants be awarded their attorneys' fees pursuant to 42 U.S.C. § 1988, A.R.S. §§ 12-349, 12-350, and 13-420.

## JURY DEMAND

Defendants hereby demand a trial by jury.

DATED this 30th day of September, 2014.

STRUCK WIENEKE & LOVE, P.L.C.

By: */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Attorneys for Defendants City of
Phoenix, Phoenix Police Chief Daniel
Garcia, Sergeant Mike Wesley, Officer
Justin Schmidt, Officer Robert
Mathews, Officer Kevin Linn, Sergeant
Christopher Leubkin, Officer Jeremy
Hessner, and Lieutenant Stan Hoover

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jocquese L. Blackwell:     jocquese@azjustice.com
                            jocquese@gmail.com

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

*/s/ Kim Penny*
2957461.1