WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Ericson, et al., | No. CV-14-01942-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Phoenix, City of, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Negligence Claim, (Doc. 11). The Court now rules on the motion.

**I.  BACKGROUND**

This case arises from an altercation between City of Phoenix police officers and Miguel[1] Ruiz ("Decedent") on July 28, 2013. (Doc. 7 at 7). As a result of the altercation, Decedent died. (*Id.* at 9). Plaintiffs allege that the City of Phoenix police officers used excessive force and the use of such force caused Decedent's death. (*Id.* 10–13). Plaintiff, Yolanda Ericson,[2] is Decedent's mother, beneficiary, and representative of his estate. (*Id.* at 3). She also acts on behalf of Decedent's minor daughter, A. R. (*Id.*). Plaintiff, Canon Ruiz, is Decedent's son. (*Id.*). Defendants are the City of Phoenix and the individual police officers involved in the altercation. (*Id.*). Plaintiffs' Complaint presents four claims

---

[1] The Court notes that the parties have referred to Miguel Ruiz as "Michael" throughout their correspondence and briefing with the Court.

[2] The Court spells Ericson the same way it is spelled in the caption, but notes that Plaintiffs have spelled the name differently (Erickson).

for relief, including common law negligence and statutory wrongful death pursuant to A.R.S. §§ 12-611–13. (*Id.* at 14, 17). On September 30, 2014, Defendants filed a motion requesting the Court to dismiss Plaintiffs' common law negligence claim under Federal Rule of Procedure 12(b)(6). (Doc. 11).

## II.   LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) if the claim lacks a cognizable legal theory or there are insufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III.   ANALYSIS**

Defendants assert that Plaintiffs' negligence claim should be dismissed because "simple negligence . . . in tort [is not a valid basis] for recovering the type of loss of consortium and other damages" that Plaintiffs seek. (Doc. 11 at 4). Rather, such "a cause of action exists only by virtue of the Arizona Wrongful Death Act." (Doc. 16 at 6). Plaintiffs argue that it is too early in the litigation to determine whether Defendants were negligent or grossly negligent and that any potential "discrepancies can be solved with proper jury instructions." (Doc. 15 at 5). Alternatively, Defendants contend that "Arizona courts have established a common-law immunity from mere negligence for police officers." (Doc. 11 at 3).

There is no common law right of action for wrongful death. *See Helenar v. Superior Court In & For the Cnty. Of Maricopa*, 504 P.2d 928, 930 (Ariz. 1972); *Solomon v. Harmon*, 489 P.2d 236, 238 (Ariz. 1971); *In re Lister's Estate*, 195 P. 1113, 1113 (Ariz. 1921); *see also Covey Gas & Oil Co. v. Checketts*, 187, F.2d 561, 562 (9th Cir. 1951) ("Recovery for damages from death by such negligence did not exist in the common law at the time of the adoption of the Constitution of the United States."). Rather, the right of action for wrongful death is purely statutory. *Gomez v. Leverton*, 509 P.2d 735, 737 (Ariz. Ct. App. 1973). "Arizona's wrongful death act, A.R.S. § 12-611, confers an original and distinct claim for the damages sustained by named beneficiaries." *Huebner v. Deuchle*, 514 P.2d 470, 470–71 (Ariz. 1973). Under Arizona's wrongful death act, a plaintiff may recover damages for "loss of love, affection, companionship, consortium, personal anguish and suffering." *Vasquez v. State*, 206 P.3d 753, ¶ 16 (Ariz.

1  Ct. App. 2008) (quoting *Mullen v. Posada Del Sol Heath Care Ctr.*, 819 P.2d 985, 986
2  (Ariz. Ct. App. 1991)).

3  Plaintiffs' negligence claim amounts to a wrongful death claim. Plaintiffs allege
4  that Defendants' negligence caused Decedent's death, and as a result, Plaintiffs "have
5  been deprived of the continued companionship and familial society of their son and/or
6  father and have suffered and will continue to suffer in a future loss of love, affection,
7  companionship, care, protection and guidance." (Doc. 7 at ¶ 109). In Arizona, however,
8  damages for the negligent killing of a human being may not be brought under a common
9  law negligence claim. *See Helenar*, 504 P.2d at 930. Instead, the Arizona wrongful death
10 act, A.R.S. §§ 12-611–13, provides the exclusive remedy for wrongful death claims.
11 *Huebner*, 5514 P.2d at 549–50. Therefore, Plaintiffs' negligence claim is dismissed for
12 failure to state a claim.

13 Having held that Plaintiffs may not pursue their negligence claim, the Court does
14 not reach the issue of whether Arizona law enforcement officers may be held liable for
15 simple negligence.

16 **IV.   CONCLUSION**

17 Based on the foregoing,

18 **IT IS ORDERED** that Defendants' Motion to Dismiss Negligence Claim
19 (Doc. 11) is **GRANTED**.

20 Dated this 19th day of December, 2014.

James A. Teilborg
Senior United States District Judge

- 4 -