WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Ericson, et al., | No. CV-14-01942-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Phoenix, City of, et al., | |
| Defendants. | |

**IT IS ORDERED** that Plaintiffs' motion in limine[1] to preclude all witnesses and evidence disclosed for the first time in Defendants' Eighth Supplemental Disclosure Statement (served on Plaintiffs one business day before the close of discovery) (Doc. 86) is **granted**.[2] This Order has no impact on witnesses (or evidence) who will be used solely for legitimate impeachment purposes.

**IT IS FURTHER ORDERED** that counsel shall meet and confer (this meet and confer cannot be in writing) by March 24, 2016, to determine which witnesses or

---

[1] Because the Court has already held a hearing on this issue, Plaintiffs' request for a second oral argument is denied.

[2] By disclosing additional witnesses and evidence on the day before the close of discovery, Defendants deprived Plaintiffs from any meaningful opportunity to take discovery from these witnesses (regardless of whether they are experts) (and evidence) in contravention of this Court's Rule 16 order. Doc. 25 at 2 n.2. Additionally, Defendants' argument that the supplement was to "rebut" Plaintiffs' request for admissions is unpersuasive because: 1) Defendants must disclose witnesses and evidence to support their case without prompting from Plaintiffs; and 2) Defendants had been in possession of Plaintiffs' requests for admissions for approximately one month prior to the close of discovery.

evidence were disclosed for the first time in the Eighth Supplemental Disclosure Statement.  Assuming counsel agree, by close of business March 29, 2016, counsel shall file a Joint notice listing all witnesses and evidence who/which are precluded as a result of this Order.

If counsel cannot reach an agreement,[3] by close of business March 29, 2016, they shall file a JOINT memorandum of which witnesses or evidence are in dispute.[4]  If there are any disputes, counsel shall appear (in person) for a discovery dispute on this issue on March 31, 2016 at 10:30 a.m.

Dated this 17th day of March, 2016.

_____
James A. Teilborg
Senior United States District Judge

---

[3] Defense counsel are cautioned that this is NOT an opportunity to effectively seek reconsideration of this Order.  In other words, defense counsel must in good faith admit which witnesses and evidence were disclosed for the first time in the Eighth Supplemental Disclosure Statement.

[4] The Joint memoranda must be in the following format.  It must contain three columns.  It CANNOT contain any arguments or any narratives.  The first column must contain an individual row for each witness (separately numbered), each document (separately numbered) and each other piece of evidence, if any, (separately numbered), that Plaintiffs seek to preclude as disclosed for the first time in the Eighth Supplemental Disclosure Statement.  The second column must be a one word acknowledgement by Defendants of whether each row listing a witness or other evidence was disclosed for the first time in the Eighth Supplemental Disclosure Statement (as this requirement implies, the parties must list BOTH agreed to items/people and disputed items/people).  The third column must be a cite (and only a cite) by Defendants as to where this witness or evidence was previously disclosed for each row in which Defendants did not admit in column 2 that the witness/evidence was disclosed for the first time in the Eighth Supplemental Disclosure Statement.  The parties shall NOT attach any exhibits to this Joint memorandum. If either party believes there is some document the Court is going to have to consider to make a ruling on each item listed herein, that party shall bring a copy of the document to the hearing.