**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Erickson, | No. CV-14-01942-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Abraham Camarillo, | |
| Defendant. | |

Pending before the Court is Defendant Abraham Camarillo's ("Defendant's") Renewed Proposed Limiting Instruction Regarding [Section] 1983 Causation ("Defendant's Proposed Instruction," Doc. 243). Although Defendant's Proposed Instruction contains only the language of the proposed jury instruction, Defendant refers to his Trial Brief Regarding Causation Under 42 U.S.C. [§] 1983, (Doc. 204), and his Motion for Reconsideration, (Doc. 212), as providing the legal bases for his proposed instruction.[1] Plaintiff Yolanda Erickson filed a Response in Opposition to Officer Camarillo's Renewed Proposed Limiting Instruction Regarding [Section] 1983 Causation. (Doc. 253).

---

[1] The Court denied both Defendant's request to modify its jury instructions regarding causation and Section 1983 damages and Defendant's Motion for Reconsideration because Defendant's proposed jury instruction was inconsistent with the instruction Defendant proposed months earlier, case law in the Ninth Circuit was conflicted on the matter, and the untimeliness of Defendant's request would prejudice Plaintiff. (*See* Doc. 222). Following the Court's ruling, the Court declared a mistrial. (Doc. 230). Defendant now requests the Court to give the same proposed jury instruction that the Court previously rejected. (*Compare* Doc. 243 at 1, *with* Doc. 216 at 1).

## I.   FACTUAL BACKGROUND[2]

In July 2013, Defendant was dispatched to an apartment complex regarding a report that Miguel Ruiz ("Decedent") was attempting to "mess with" a rooftop A/C unit. (Doc. 140 at 2). Defendant, who was on the ground floor, watched officers attempt to encourage Decedent to enter an aerial ladder bucket to no avail. (*Id.* at 3). Defendant positioned himself near the outside stairwell of the apartment in case Decedent jumped onto a second-floor landing. (*Id.* at 3–4). After Decedent jumped nearly 10 feet to the second-floor landing, Defendant grabbed him and secured a hold around his neck. (*Id.* at 4). After over three minutes from when Defendant first engaged Decedent, officers were able to handcuff him. (*Id.*). After over five minutes into the struggle, officers carried Decedent down a stairway to EMS personnel, who determined that Decedent was pulseless. (*Id.*). Although EMS personnel resuscitated Decedent, he was taken off life support five days later due to an anoxic brain injury. (*Id.*).

Decedent's mother, Plaintiff Yolanda Erickson, sued Defendant as personal representative of Decedent's estate. Plaintiff's remaining claim against Defendant is a Section 1983 excessive force claim. (*Id.* at 33). At trial, Defendant has presented—or is expected to present—expert testimony that Defendant's conduct did not cause or contribute to Decedent's death, which was instead caused by methamphetamine-induced excited delirium. (*See, e.g.*, Docs. 224 at 33, 37; 228 at 40, 79). Plaintiff's case theory is that Defendant's conduct caused or, at the very least, contributed to Decedent's death. (Doc. 253 at 3).

## II.   PROPOSED JURY INSTRUCTION

The Court's proposed jury instruction regarding damages in this Section 1983 excessive force case is excerpted as follows:

> If you find for Plaintiff, you must determine Plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Yolanda

---

[2] This factual background is taken, in part, from the Court's Order filed on November 2, 2016. (*See* Doc. 140 at 2–4).

Erickson—as personal representative of the Estate of Miguel Ruiz—for the injuries to Decedent that you find were caused by Defendant.

On Plaintiff's claim, you should consider the following:

(1)     The loss of enjoyment of life experienced prior to death;

(2)     The mental, physical, and emotional pain and suffering experienced by Decedent prior to death;

(3)     The reasonable expenses of necessary medical care and services for the injury caused by Defendant; and

(4)     If you find Defendant's conduct caused Plaintiff's death, the reasonable expenses of funeral and burial.

Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.[3]

Defendant objects to factor (2) in the above instruction and proposes that the Court instead give the following instruction in factor (2)'s place:

If you determine that [Defendant's] use of force during his struggle with [Decedent] did not cause his death, you cannot award Plaintiff any damages for [Decedent's] pre-death pain and suffering.

(Doc. 243 at 1). Plaintiff argues that Defendant's proposed instruction is inappropriate because, even if Defendant did not legally cause Decedent's death, Section 1983 allows Plaintiff to recover for Decedent's pre-death pain and suffering. (*See* Doc. 253).

## III.     LEGAL STANDARD ON SECTION 1983 AND SURVIVAL ACTIONS

In general, "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969) (citing *Simmons v. United States*, 390 U.S. 377 (1968)). "In [Section] 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may

---

[3] The Court notes that this instruction is largely modeled after the Ninth Circuit's Model Civil Jury Instructions. *See* Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Nos. 5-1, 5-2 (2007 ed. rev.) (last updated Mar. 2017).

assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (citing 42 U.S.C. § 1988(a)). Arizona law authorizes survival of most causes of action if brought by the personal representative of a decedent's estate. *See* Ariz. Rev. Stat. § 14-3110 (2012). However, Arizona's survival statute prohibits "damages for pain and suffering" of a decedent. *Id.*

Section 1983 does not "address directly the question of damages." *Carey v. Piphus*, 435 U.S. 247, 255 (1978). Rather, in survival actions, "42 U.S.C. § 1988(a) requires the application of state-law survival remedies in [Section] 1983 actions unless those remedies are inconsistent with the Constitution and laws of the United States." *Jefferson v. City of Tarrant, Ala.*, 522 U.S. 75, 79 (1997) (citing *Robertson v. Wegmann*, 436 U.S. 584, 588–90 (1978)) (quotation marks omitted). There is no controlling authority resolving the question of whether Arizona's limitation on the recovery of survival damages—namely, the exclusion of damages for pre-death pain and suffering when a decedent's death is not caused by a defendant's purported excessive force—is inconsistent with Section 1983. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1105 (9th Cir. 2014) (limiting its holding that "California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with [Section] 1983's deterrence policy" to cases where "the decedent's death was caused by the violation of federal law").[4]

In determining whether state law survival remedies are inconsistent with federal law, "courts must look not only at particular federal statutes and constitutional provisions, but also at 'the policies expressed in [them].'" *Robertson*, 436 U.S. at 590 (quoting *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 240 (1969)). The statute at issue here, 42 U.S.C. § 1983, which has its origins in Section 1 of the Civil Rights Act of 1871, "was

---

[4] Although the *Chaudhry* court considered the consistency of California's survival statute with the policies underlying Section 1983, California and Arizona's survival statutes are similar in that they do not allow recovery of pre-death pain and suffering. *Compare* Cal. Civ. Proc. Code § 377.34 (West), *with* Ariz. Rev. Stat. § 14-3110.

intended not only to 'override' discriminatory or otherwise unconstitutional state laws, and to provide a remedy for violations of civil rights 'where state law was inadequate,' but also to provide a federal remedy 'where the state remedy, though adequate in theory, was not available in practice.'" *Zinermon v. Burch*, 494 U.S. 113, 124 (1990) (quoting *Monroe v. Pape*, 365 U.S. 167, 173–74 (1961)). The Supreme Court has emphasized that Section 1983 is a remedial statute that "make[s] it appropriate to accord the statute 'a sweep as broad as its language.'" *Wilson v. Garcia*, 471 U.S. 261, 272 (1985) (quoting *United States v. Price*, 383 U.S. 787, 801 (1966)), *superseded by statute on other grounds*, 28 U.S.C. § 1658(a).

"The policies underlying [Section] 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Dennis v. Higgins*, 498 U.S. 439, 444 (1991); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1998) (identifying "[Section] 1983's chief goals" as "compensation and deterrence" and its "subsidiary goals" as "uniformity and federalism"). The twin goals of compensation and deterrence are furthered through compensatory damage awards. *See Carey*, 435 U.S. at 256–57.

In *Robertson v. Wegmann*, the Supreme Court addressed whether Section 1983's policies conflicted with Louisiana's survival statute, which abated Section 1983 tort claims when a plaintiff died without a widow or next of kin. 436 U.S. at 585–86. The original plaintiff in *Robertson* died while his action was pending in district court but his death was unrelated to the injury he had asserted under Section 1983. *Id.* The Louisiana statute allowed a cause of action to survive only where a decedent was survived by "a spouse, children, parents, or siblings." *Id.* at 587.

The Court held that the Louisiana statute was not inconsistent with federal law. *Id.* at 594–95. The Court noted that no claim was made that Louisiana's law was "general[ly] inconsistent" with the policies of compensation and deterrence. *Id.* at 591. Further, in recognizing that Louisiana's statute was not inconsistent with Section 1983's policy of compensation, the Court noted "[t]he goal of compensating those injured by a deprivation

of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." *Id.* at 592. Next, the Court determined the state statute was not inconsistent with Section 1983's policy of deterrence, noting:

> And, given that most Louisiana actions survive the plaintiff's death, the fact that a particular action might abate surely would not adversely affect [Section] 1983's role in preventing official illegality, at least in situations in which there is no claim that the illegality caused the plaintiff's death. A state official contemplating illegal activity must always be prepared to face the prospect of a [Section] 1983 action being filed against him. In light of this prospect, even an official aware of the intricacies of Louisiana survivorship law would hardly be influenced in his behavior by its provisions.

*Id.* The Court described its holding as "a narrow one," limited to situations where the state statute itself has no independent adverse effect on the purposes of Section 1983. *Id.* at 594.

## IV. ANALYSIS

Defendant argues that Arizona's survival statute is consistent with both the compensation and deterrence policy goals of Section 1983. (Doc. 204 at 1–3). Plaintiff argues that Arizona's survival statute is inconsistent with both Section 1983 policy goals and, thus, the Court should not instruct the jury to determine whether Defendant was the legal cause of Decedent's death in order to award pre-death pain and suffering. (*See* Doc. 253 at 1–3).

### A. Section 1983's Compensation Policy

Defendant argues that *Robertson* obligates this Court to find that Ariz. Rev. Stat. § 14-3110 is not inconsistent with Section 1983's policy of compensation. (Doc. 204 at 2). Particularly, Defendant characterizes the *Robertson* court as holding "that state survival statutes are not inconsistent with [Section] 1983's first compensation-related goal, because survival actions are not brought by injured parties themselves, but rather by the executors of their estates." (*Id.* (citing 436 U.S. at 592)).

The Supreme Court has characterized compensatory damages in Section 1983 actions as "mandatory" when a violation is found. *See Smith v. Wade*, 461 U.S. 30, 52

(1983) ("Compensatory damages, by contrast, are mandatory; once liability is found, the jury is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss."). "The purpose of [Section] 1983 would be defeated if injuries caused by the deprivation of constitutional rights went uncompensated simply because" of a deficiency in state tort law. *Carey*, 435 U.S. at 258. "In order to further the purpose of [Section] 1983, the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in question." *Id.* at 258–59.

Consistent with the Supreme Court's jurisprudence, numerous federal courts have found state survival statutes inconsistent with Section 1983's policy of ensuring victims are fairly compensated for unlawful conduct. *See, e.g.*, *Jaco v. Bloechle*, 739 F.2d 239, 240, 244 (6th Cir. 1984) (holding that the "[Section] 1983 objective of . . . providing compensation to the victim of an illegal deprivation of constitutional entitlements by state officers cannot be advanced, and is only undermined" where a state statute abated a father of a decedent's cause of action); *Seawright v. Arizona*, No. CV 11-1304-PHX-JAT, 2013 WL 452885, at *10 (D. Ariz. Feb. 6, 2013) (holding Arizona's survival statute is inconsistent with Section 1983's policy of compensation by barring a decedent's estate from recovering for the decedent's pre-death pain and suffering); *Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117, 1126–27 (W.D. Wash. 2012) (finding it contrary to Section 1983's compensation policy for a plaintiff's death to abate the availability of non-economic damages and collecting cases holding the same); *Williams v. City of Oakland*, 915 F. Supp. 1074, 1077 (N.D. Cal. 1996) (holding the denial of "pain and suffering damages would strike at the very heart of a [S]ection 1983 action" because it prevented significant monetary relief); *see also Cotton v. City of Eureka*, 860 F. Supp. 2d 999, 1012–14 (N.D. Cal. 2012); *McClurg v. Maricopa Cnty.*, No. CIV-09-1684-PHX-MHB, 2011 WL 4434029, at *4 (D. Ariz. Sept. 23, 2011); *Kaady v. City of Sandy*, No. CV. 06-1269-PK, 2008 WL 5111101, at *12–13 (D. Or. Nov. 26, 2008); *Rentz v. Spokane Cnty.*, 438 F. Supp. 2d 1252, 1263 (E.D. Wash. 2006).

Here, Defendant's argument ignores the context upon which the *Robertson* court made its "narrow" holding. The Louisiana statute only abated causes of action when the executor would not have a close familial relationship to the decedent, and the Court stressed that "surely few persons are not survived by one of these close relatives." 436 U.S. at 591–92; *see also id.* at 601 (Blackmun, J., dissenting) (noting "the Court does not purport to explain why it is consistent with the purposes of [Section] 1983 to recognize a derivative or independent interest in a brother or parent, while denying similar interest to a nephew, grandparent, or legatee"). The Court also anticipated that a "different situation might well be presented . . . if state law did not provide for survival of any tort actions, or if it significantly restricted the types of actions that survive." *Id.* at 594. Plaintiff's lawsuit in this case is the "different situation" that the Court anticipated in *Robertson*.

The Arizona survival statute, in contrast to the Louisiana statute, cuts off *all* recovery for pain and suffering. Ariz. Rev. Stat. § 14-3110. Thus, parents, children, and widows or widowers are categorically prohibited from recovery of pre-death pain and suffering damages. Further, while the Arizona statute does not abate the entire survival claim, it abates damages for pre-death pain and suffering, which courts have recognized "'strike[s] at the very heart of a [S]ection 1983 action . . . . Absent such a remedy, the [S]ection 1983 action amounts to little more than a tort claim.'" *Williams*, 915 F. Supp. at 1077 (quoting *Guyton v. Phillips*, 532 F. Supp. 1154, 1167 (N.D. Cal. 1981)). Finally, where a defendant's action contributes but does not legally cause a decedent's death, a survival action provides the only adequate means of compensation.[5]

---

[5] Wrongful death statutes compensate a different class of victims with respect to a different class of injuries than survival statutes; particularly, wrongful death statutes compensate a decedent's surviving family members for the death of the decedent while survival statutes allow for the survival and compensation for a decedent's injuries pre-death. However, some courts have conflated the distinguishable classes of victims and injuries each type of statute seeks to protect and redress by holding that the availability of a wrongful death action can adequately serve the compensatory goals of Section 1983 when a survival statute abates an estate's claim for pre-death pain and suffering. *See Garcia v. Superior Ct.*, 49 Cal. Rptr. 2d 580, 586 (Cal. Dist. Ct. App. 1996) ("In determining whether California law is consistent with the federal Civil Rights Act, it is appropriate to consider the state provisions not only for survival of decedent's action but

Viewing the *Robertson* holding in full context, it is clear that the Court did not intend to broadly hold that all survival statutes are consistent with Section 1983's compensation-related goal; rather, the Court simply held that a state statute's abatement of a survival action where no close relatives act as the executor of the estate is not inconsistent with the Section 1983's compensation-related goal. The limitations enforced by the Arizona survival statute presents the "different situation" that the *Robertson* court explicitly did not consider. By abating recovery of pain and death suffering damages for *all* survival actions, Ariz. Rev. Stat. § 14-3110 is inconsistent with Section 1983's policy of compensation.

Defendant relies almost exclusively on *Fernandez v. Virgillo*, in which Judge Sedwick held that Ariz. Rev. Stat. § 14-3110 is not inconsistent with Section 1983's compensation policy where a decedent's death is unrelated to a defendant's wrongful conduct. (Doc. 204 at 2–3 (citing No. 2:12-cv-02475 JWS, 2014 WL 2930749, at *4–5 (D. Ariz. June 30, 2014), *aff'd*, 651 F. App'x 692 (9th Cir. 2016))). The *Fernandez* court declined to consider Section 1983's compensation policy, stating "*Robertson* held that state survival statutes are not inconsistent with [Section] 1983's first, compensation-related goal because survival actions are not brought by injured parties themselves, but rather by the executors of their estates." 2014 WL 2930749, at *4. As explained above, this Court disagrees with the *Fernandez*'s broad characterization of *Robertson*'s "narrow" holding.

Defendant also relies on *Chaudhry v. City of Los Angeles*, (Doc. 212 at 2), in which the Ninth Circuit Court of Appeals (the "Ninth Circuit") held that "California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with [Section] 1983's deterrence policy." 751 F.3d at 1105. The *Chaudhry*

---

also for the survivors' wrongful death action. . . . California law provides for significant compensatory damages by way of a wrongful death action."). Where a defendant only contributes but does not legally cause a decedent's death, no wrongful death action is available in Arizona. *See Sheppard v. United States*, 587 F. Supp. 1525, 1528 (D. Ariz. 1984) (recognizing that Arizona's wrongful death statute, Ariz. Rev. Stat. § 12-611, requires proof of both actual and proximate causation).

court based its holding on the California statute's inconsistency with Section 1983's deterrence-related goal and, thus, limited its discussion of Section 1983's compensation-related goal to dicta. *Id.* at 1104–05. Nevertheless, Defendant relies on the *Chaudhry* court's remark that "[t]he [Supreme] Court's statement in *Robertson* that [Section] 1983 does not require compensation to the decedent's estate was made in a case where the alleged violation of federal law did not cause the decedent's death." *Id.* at 1104. The Ninth Circuit's dictum does little more than state the basic holding in *Robertson* and the context of that holding. Defendant's attempt at arguing that the Ninth Circuit characterized the holding of *Robertson* to preclude consideration of inconsistencies between a survival statute and Section 1983's compensation-related goals is misguided.

The Court recognizes there are two other cases from judges in this district that Defendant fails to cite but have held that Arizona's survival statute is not inconsistent with Section 1983's compensation-related goals where a defendant fails to legally cause a decedent's death. First, in *Burns v. City of Scottsdale*, Judge Strand held "in a case . . . where the death is unrelated to the conduct that is the basis of the suit—the goal of compensating those injured by the deprivation of rights provides no basis for requiring compensation where one is merely suing as the executor of the deceased'[s] estate." No. CIV-96-CV-00578-PHX, 1998 WL 35261695, at *2 (D. Ariz. Apr. 29, 1998) (quotation marks omitted). Although the order does not disclose the relationship between the personal representative plaintiff and the decedent, *Burns* appears to rely on a broad characterization of *Robertson* that this Court has already rejected. *Burns* also relies on the availability of other compensatory damages to the personal representative besides pre-death pain and suffering. *Id.* at *2 n.1. However, the Ninth Circuit has since rejected this justification and recognized that abatement of pre-death pain and suffering damages "will often be tantamount to a prohibition." *Chaudhry*, 751 F.3d at 1104. Finally, *Burns* relies on the availability of punitive damages to support Section 1983's policy goals of compensation and deterrence. 1998 WL 35261695, at *2. However, recovering punitive damages requires a more difficult showing by a plaintiff, *see Dang v. Cross*,

422 F.3d 800, 807–09 (9th Cir. 2005) (noting that awards of punitive damages require a finding that a defendant either acted with an evil motive or with reckless/callous indifference), and the amount of punitive damages is guided by the financial condition of the defendant without regard to the pain and suffering inflicted upon the decedent, *see White v. Ford Motor Co.*, 500 F.3d 963, 976–77 & n.10 (9th Cir. 2007). Thus, the Court disagrees with Judge Strand's holding in *Burns*.

Second, in *Cortez v. Skol*, Judge Zipps did not directly consider whether Arizona's survival statute was inconsistent with the policies of Section 1983 but relied on *Chaudhry* in requiring the plaintiff to prove legal causation between the decedent's death and the underlying unconstitutional conduct to recover pre-death pain and suffering damages. No. CV-09-00526-TUC-JGZ, 2017 U.S. Dist. LEXIS 11608, at *6 (D. Ariz. Jan. 26, 2017). Unlike Plaintiff, the plaintiff in *Cortez* does not appear to have argued that Arizona's survival statute was inconsistent with the policies of Section 1983 but, instead, argued that decedent's death was caused by the defendant's conduct. *See id.* at *6–7 & n.5. Thus, Judge Zipps did not address the question before this Court but, instead, limited her analysis to causation under *Chaudhry*. Because Plaintiff argues that the Arizona survival statute is inconsistent with the policy goals of Section 1983, *Cortez* is inapposite. Consequently, the Court finds that Ariz. Rev. Stat. § 14-3110 is inconsistent with Section 1983's policy of compensation where a decedent's death is unrelated to a defendant's allegedly wrongful conduct.

### B. Section 1983's Deterrence Policy

Defendant argues that the Arizona survival statute is not inconsistent with Section 1983's policy of deterrence where death is not caused by the conduct at issue because "the official would have had no way of knowing in advance that the decedent would die before he could bring a [Section] 1983 suit." (Doc. 204 at 3). Plaintiff argues that Arizona's survival statute is inconsistent with Section 1983's policy of deterrence because it abates compensatory damages—the primary vehicle Section 1983 uses to deter unlawful acts—based on a mere fortuity for the alleged wrongdoer. (Doc. 253 at 2–3).

The Supreme Court has recognized that Congress intended the "award of compensatory damages" to accomplish Section 1983's goal of deterrence. *Carey*, 435 U.S. at 256; *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) ("Deterrence is also an important purpose of this system, but it operates through the mechanism of damages that are *compensatory*–damages grounded in determinations of plaintiffs' actual losses."). In *Robertson*, the Court elaborated that compensatory damages deter potential wrongdoers because "[a] state official contemplating illegal activity must always be prepared to face the prospect of a 1983 action being filed against him." 436 U.S. at 592. However, the *Robertson* did not find that the Louisiana survival statute was inconsistent with Section 1983's policy goal of deterrence for the following reasons:

> In order to find even a marginal influence on behavior as a result of Louisiana's survivorship provisions, one would have to make the rather farfetched assumptions that a state official had both the desire and the ability deliberately to select as victims only those persons who would die before conclusion of the 1983 suit (for reasons entirely unconnected with the official illegality) ***and*** who would not be survived by any close relatives.

*Id.* at 592 n.10 (emphasis added).

Here, while the *Robertson* hypothetical may be implausible, it becomes more plausible that state officials could be heedless of the civil rights of a person who is likely to die prior to the conclusion of a Section 1983 trial, regardless of whether that person would be survived by a close relative. A person's ability to perceive whether someone is close to dying is comparatively easier than also determining whether a person would be survived by close relatives. As a result, expanding the *Robertson* holding to determine that a state survival statute cannot be inconsistent with Section 1983's policy goals of deterrence is unfair to the elderly and terminally ill. Such an expansion of *Robertson* would also be unfair to individuals in a state where certain actions will contribute (although not legally cause) death; one such hypothetical is argued in this case, where an officer's actions could be an aggravating factor to an individual's excited-delirium-

caused death. Thus, for a select group of prospective victims, Arizona's survival statute removes "the prospect of a 1983 action" reaching its conclusion and, therefore, undermines Section 1983's policy goal of deterring unlawful conduct.

Arizona's survival statute further thwarts Section 1983's policy goal of deterrence by awarding a windfall to the individual accused of engaging in unlawful conduct. If a victim of unlawful conduct experiences significant pain and suffering, the defendant is potentially liable for compensatory damages related to that pain and suffering. The longer the victim lives before the conclusion of his Section 1983 trial, the higher those compensatory damages will likely be, assuming the victim continues to experience pain and suffering. However, if the victim dies from a complication unrelated to his lawsuit, the defendant is awarded a substantial windfall as the damages for pain and suffering are suddenly unrecoverable. Allowing a mere fortuity for the defendant to produce a significant windfall runs contrary to Section 1983's policy goal of deterring unlawful conduct. *See, e.g.*, *Lowry v. City of San Diego*, 818 F.3d 840, 848 (9th Cir. 2016) (noting that Section 1983's "fundamental purpose" of deterring the use of unreasonable force should operate independently from whether a party to the case "ended up being lucky"); *Burt v. Abel*, 466 F. Supp. 1234, 1241 (D. S.C. 1979) (recognizing as "sound public policy . . . that the death of a party . . . should not provide a windfall to the opposition").

Defendant again cites to *Fernandez* in arguing that Arizona's survival statute is not inconsistent with Section 1983's policy goal of deterrence. (*See* Doc. 204 at 2–3). In *Fernandez*, Judge Sedwick reasoned that "[i]f the [defendant's] action did not cause the decedent's death, . . . abating pain and suffering damages would not hinder [Section] 1983's prevention goal because the official would have had no way of knowing in advance that the decedent would die before he could bring a [Section] 1983 suit." 2014 WL 2930749, at *4. This is a significant expansion of *Robertson* and, as the Court reasoned above, there are many situations where an officer may be more heedless of an individual's civil rights where it is apparent that person is likely to die within a few years. Moreover, it is not unforeseeable that a defendant may employ stalling tactics that

prevent a plaintiff's expeditious recovery under the belief that with each passing day, the plaintiff is a day closer to death. Perverse incentives that are inconsistent with Section 1983's policy of deterrence are encouraged among officials regardless of whether the official proximately caused a victim's death. Under Ariz. Rev. Stat. § 14-3110, it is the fact of death—regardless of the cause—that abates recovery for pre-death pain and suffering damages. Therefore, because the abatement of pre-death pain and suffering damages is often "tantamount to a prohibition" of a survival claim, *Chaudhry*, 751 F.3d at 1104, Arizona's survival statute is inconsistent with the Section 1983 policy of deterrence.[6]

## V.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** Defendant's Renewed Proposed Limiting Instruction Regarding [Section] 1983 Causation, (Doc. 243), is **DENIED**.

Dated this 30th day of May, 2017.

_____
James A. Teilborg
Senior United States District Judge

---

[6] Although the Court declines to give Defendant's requested instruction, nothing in the instruction the Court will give prevents Defendant from arguing to the jury that they should consider whether Defendant caused Decedent's death as a factor in awarding damages. *See, e.g.*, *Cheeks v. Gen. Dynamics C4 Sys.*, No. 15-15658, 2017 WL 1075427, at *1 (9th Cir. Mar. 22, 2017) (holding that a "district court did not err in rejecting [the plaintiff's] proposed instructions because . . . nothing prevented [the plaintiff] from arguing to the jury" her theory of the case).